39 F.3d 1187
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Diane KIMBROUGH, Plaintiff-Appellant,
v.
Donna E. SHALALA, Defendant-Appellee.
 No. 93-15358.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 16, 1994.*
Decided Nov. 4, 1994.
 
 Before: FARRIS and BEEZER, Circuit Judges, and MUECKE,** Senior District Judge.
 MEMORANDUM***
 Diane Kimbrough appeals from the district court's grant of summary judgment to the Secretary of Health and Human Services ("Secretary") denying Kimbrough disability insurance and supplemental security income benefits pursuant to Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. Secs. 401-433, 1381-1383. Kimbrough argues that the Secretary's decision was not supported by substantial evidence and erroneously applied the law. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 * We review de novo the district court's decision granting summary judgment. Matthews v. Shalala, 10 F.3d 678, 679 (9th Cir.1993). We will affirm the Secretary's decision if it is supported by substantial evidence in the record and properly applied the law. Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir.1990).
 II
 Kimbrough argues that the Secretary's determination that she remained capable of performing sedentary work and, therefore, was not disabled within the meaning of the Act was not supported by substantial evidence. We disagree.
 A claimant cannot receive disability benefits if he or she retains an ability to perform "past relevant work." 20 C.F.R. Sec. 404.1520(e). The Secretary determined that Kimbrough's past relevant work as a receptionist and switchboard operator did not require the performance of work-related activities precluded by any of her medical conditions.[1] Consequently, the Secretary found that Kimbrough could perform her past relevant sedentary work.
 Kimbrough's own testimony at the hearing supports the Secretary's decision. Kimbrough described her past occupational duties as including clerical work, receptionist work, and operating a switchboard. When asked if she could return to work as a receptionist, Kimbrough cited only a need to "upgrade" her computer skills as a barrier.
 Kimbrough did testify that if she performed general clerical duties, it would be "with pain." The ALJ found Kimbrough's assertion of wrist, back, and knee pain "not credible." The ALJ is responsible for determining credibility. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989).[2] Even if Kimbrough's pain had been taken into account, pain is not necessarily sufficient to preclude gainful employment. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir.1989). Given Kimbrough's testimony regarding her daily activities, which included sewing, reading, watching television, occasionally walking and riding the bus, and sharing basic household chores with her mother, such as preparing meals, doing laundry, and washing dishes, any pain that she might suffer performing sedentary work was not, in our judgment, disabling, would not impose limitations on her capacity for sedentary work, and was not sufficient to support a finding of a disability.
 We find it significant that none of the medical personnel who examined Kimbrough found that her limitations rendered her unable to perform sedentary work. Kimbrough was examined at the Health Disability Consulting Services, Inc. by Dr. DeLeon on December 17, 1988. Dr. DeLeon observed that Kimbrough, although she walked with a slight limp, was able to "ambulate around the exam room without the cane." Kimbrough complained to Dr. DeLeon of pain in her right wrist, but he was unable to detect any swelling and concluded that her grip strength was not significantly reduced.
 A Residual Functional Capacity Assessment was performed by Dr. Jasmin on January 12, 1989.[3] Dr. Jasmin found that Kimbrough's capacity for reaching, handling, and fingering was unlimited. Jasmin further found that Kimbrough was capable of standing or walking a total of six hours in an eight hour day. Kimbrough was also capable of "frequently" lifting and carrying 10 pounds.
 Records from Bellevue Hospital Center indicate that, in April 1989, Kimbrough was diagnosed as having early signs of rheumatoid arthritis in her hands and wrists. A doctor observed no abnormalities in the knees, ankles, or feet. Records from San Francisco General Hospital Medical Center indicate that, in November 1989, Kimbrough was prescribed splints for her carpal tunnel syndrome. Kimbrough's gallstones were found to be "asymptomatic." An examining doctor indicated that Kimbrough could perform light work.
 We conclude that the evidence in the record was "such relevant evidence as a reasonable mind might accept to support" the conclusion that Kimbrough was able to perform sedentary work and thus was not disabled under the Act. Villa v. Heckler, 797 F.2d 794, 796 (9th Cir.1986) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).
 Kimbrough also argues that the Secretary failed to consider the effects of her impairments cumulatively. We disagree. The findings of fact reveal that all of Kimbrough's medical conditions were considered. The Secretary found them insufficient, however, to support a disability determination.
 III
 Kimbrough next argues that the Secretary committed various legal errors. Kimbrough contends specifically that the ALJ failed to adequately develop the record regarding the nature and extent of Kimbrough's past employment history and her medical condition and failed to inform Kimbrough adequately of her right to legal representation. None of these contentions has merit.
 The ALJ adequately questioned Kimbrough about her past work. The ALJ also received a listing of Kimbrough's previous employment along with the duties she performed. The Secretary also correctly notes that the jobs of receptionist and switchboard operator are intrinsically sedentary. The ALJ also developed sufficient medical documentation in the record by including numerous medical records from multiple sources. The ALJ gave Kimbrough additional time to submit more medical records, which she failed to do.
 We also reject Kimbrough's claim that she received insufficient notice of her right to counsel. Kimbrough received, several months before the hearing, a letter advising her of the right to be represented by counsel and the benefits of such representation. The ALJ also asked Kimbrough at the hearing if she wished to be assisted by counsel. She declined.
 IV
 Kimbrough next argues that this case should be remanded to the Secretary to permit consideration of new medical evidence. We review for abuse of discretion a district court's refusal to remand to the Secretary on the basis of evidence outside the record. Clem v. Sullivan, 894 F.2d 328, 332 (9th Cir.1990). In order to support a remand, a claimant must show that the new evidence is material and that there was good cause for the failure to incorporate such evidence into the record in a prior proceeding. Booz v. Secretary of Health and Human Servs., 734 F.2d 1378, 1380 (9th Cir.1984).
 As the Secretary correctly notes, almost none of the new evidence relates to Kimbrough's condition during the relevant time period--before November 13, 1990. The new evidence indicates only the status of Kimbrough's medical condition from 1990 to 1992, and as such, it is irrelevant. See Sanchez v. Secretary of Health and Human Servs., 812 F.2d 509, 512 (9th Cir.1987) (new evidence is not material where it is not probative of claimant's condition at the time of the hearing).
 Those few new medical records relating to Kimbrough's medical condition in 1989 and 1990 also do not warrant a remand. Kimbrough presents no good cause for her failure to incorporate these documents into the record. The ALJ allowed Kimbrough extra time to obtain the records. She failed to do so. In any case, the new evidence does not contradict any of the Secretary's findings and does not indicate that Kimbrough's condition had changed.
 V
 Kimbrough's request for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. Sec. 2412(b) and (d), is not justified as she is not a prevailing party.
 
 
 1
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable C.A. Muecke, Senior United States District Judge for the District of Arizona, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Kimbrough suffered from lupus, scoliosis, rheumatoid arthritis, hypertension, gallstones, carpal tunnel syndrome in both hands and ear infections
 
 
 [2]
 The ALJ's credibility determination regarding Kimbrough's assertion of pain is also supported by medical evidence in the record. Cf. Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir.1991) (en banc) (ALJ's determination that claimant's excess pain testimony is not credible must be supported by record)
 
 
 [3]
 Although the Secretary did not rely on Dr. Jasmin's assessment, it does provide support for the Secretary's finding that Kimbrough was capable of performing sedentary work and was, therefore, not disabled. See Curry, 925 F.2d at 1130 n. 2 (result of residual functional capacity assessment can be relied on where it is not contradicted by all other evidence in the record and it is consistent with the other evidence)