43 F.3d 1479
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hilario M. GALLIGUEZ, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary, Health & Human Services,
Defendant-Appellee.
 No. 94-55480.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1994.*
Decided Dec. 9, 1994.
 
 Before: D.W. NELSON, HALL, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hilario M. Galliguez appeals pro se the district court's summary judgment for the Secretary of Health and Human Services ("Secretary") in his 42 U.S.C. Sec. 405(g) action seeking review of his denial of social security retirement benefits.[1] We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the district court's summary judgment upholding the Secretary's denial of benefits. See Matthews v. Shalala, 10 F.3d 678, 679 (9th Cir.1993). In determining whether the district court correctly upheld the Secretary's denial of benefits, we must review the Secretary's decision to determine whether the findings of fact are supported by substantial evidence and whether proper legal standards were applied. Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir.1990). While a mere scintilla of proof will not suffice to uphold the Secretary's findings, the standard of substantial evidence requires no more than "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). In our review for substantial evidence, we must consider the administrative record as a whole. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989).
 
 
 4
 The Social Security Act requires that an applicant be "fully insured" as a condition of eligibility for retirement insurance benefits. 42 U.S.C. Sec. 402(a)(1). Generally, a fully insured individual is one who has worked and earned credit for at least one quarter of coverage for each calendar year since 1950 and before reaching age sixty-two. 42 U.S.C. Sec. 414(a)(1). Quarters of coverage are based on the earnings of an individual during a specific calendar quarter. 42 U.S.C. Sec. 413(a).
 
 
 5
 Galliguez asserts that the Secretary erred by determining that he did not have the requisite number of quarters of coverage to make him eligible for retirement benefits. Specifically, Galliguez contends that his service in the Philippine Commonwealth Army from December 5, 1941 through May 31, 1946 should have counted towards additional quarters of coverage, thus making him eligible for retirement benefits. This contention lacks merit.
 
 
 6
 The Secretary correctly applied 38 U.S.C. Sec. 107(a) in determining that Galliguez's service in the Philippine army did not qualify him for benefits under the Social Security Act. Section 107(a) provides that:
 
 
 7
 "[s]ervice before July 1, 1946, in the organized military forces of the Government of the Commonwealth of the Philippines, while such forces were in the service of the Armed Forces of the United States pursuant to the military order of the President dated July 26, 1941 ... shall not be deemed to have been active military, naval, or air service for the purposes of any law of the United States conferring rights, privileges, or benefits upon any person by reason of the service of such person...."
 
 
 8
 Because Galliguez's service in the Philippine army did not account for additional quarters of coverage, he was not entitled to retirement benefits. See 42 U.S.C. Sec. 402(a)(1).
 
 
 9
 Galliguez also contends that the Secretary erred by failing to take into account an earnings statement he submitted as proof that he satisfied the requisite number of quarters of coverage to qualify for retirement benefits. Where evidence is susceptible of more than one rational interpretation, the Secretary's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir.1982). In reaching her decision, the Secretary is entitled to draw inferences logically flowing from the evidence. Id. The earnings statement provides that Galliguez did earn the requisite number of quarters of coverage. But, the earnings statement was based on figures provided by Galliguez for the years 1991 and 1992. These figures are identical to the earnings that Galliguez stated for 1988 and 1989. The administrative record also contains contrary testimony from Galliguez where he states that he stopped working in 1990. Such evidence, provided the Secretary with a rational basis to determine that the earnings statement was unsubstantiated. Id.
 
 
 10
 For these reasons, the district court properly granted summary judgment for the Secretary.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Pursuant to 28 U.S.C. Sec. 636(c), the parties consented to proceed before a Magistrate Judge
 
 
 [2]
 We reject Galliguez's contention that the district court abused its discretion by failing to hear oral argument on the Secretary's summary judgment motion. Galliguez has failed to set forth any reasons showing that he was prejudiced by the failure of the district court to hold a hearing. See Smith v. Retirement Fund Trust of Plumbing, Heating and Piping Indus., 857 F.2d 587, 592 (9th Cir.1988). Furthermore, Galliguez's contention that the Secretary's brief is deficient is without merit. See Fed.R.App.P. 25 & 31