112 F.3d 516
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lora HOFFLANDER, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner, Social Security
Administration,* Defendant-Appellee.
 No. 96-16624.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.**
Decided April 28, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Lora Hofflander appeals the district court's summary judgment affirming the decision of the Commissioner of the Social Security Administration ("Commissioner") regarding Hofflander's application for disability insurance benefits under 42 U.S.C. § 405. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment. See Orteza v. Shalala, 50 F.3d 748, 749 (9th Cir.1995) (per curiam). The district court's judgment must be affirmed if substantial evidence supports the findings of the administrative law judge ("ALJ"), and the ALJ applied the correct legal standards. See id.
 
 
 4
 Hofflander contends that the ALJ's determination that Hofflander's medical condition had improved to the extent that she was able to work after a closed period of disability was not supported by substantial evidence. This contention lacks merit.
 
 
 5
 Before Social Security disability benefits can be terminated on the ground that the recipient is no longer disabled, the Commissioner must introduce evidence that the recipient's medical condition has improved. See Murray v. Heckler, 722 F.2d 499, 500 (9th Cir.1983). The medical opinion of a claimant's treating physician regarding claimant's condition is entitled to "special weight." Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir.1988). The ALJ must provide "specific and legitimate reasons" supported by substantial evidence in the record to reject the contradicted opinion of a treating physician. Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir.1996).
 
 
 6
 It is apparent from the ALJ's decision that he carefully considered and weighed all the relevant and reliable evidence in determining that there was substantial evidence to meet the burden of the medical improvement standard. See Murray, 722 F.2d at 500. The ALJ relied primarily on the May 11, 1994 assessment by Dr. Stites, an orthopedic surgeon who treated Hofflander at least from 1989 to 1994, that Hofflander could perform certain basic functions--lift 20 pounds occasionally; walk and stand up to four hours per day; sit; occasionally climb, balance, stoop and crouch. See Embrey, 849 F.2d at 421. However, the ALJ disregarded Dr. Stites' opinion that Hofflander had handling and feeling limitations due to a weak grasp. See Lester, 81 F.3d at 831. In rejecting the handling and feeling limitations, the ALJ noted reliable evidence that the Commissioner produced from Dr. Clark and Dr. Schneider showing improvement and minimal pain, and their opinion that Hofflander could return to past typing work, albeit not at her full former level of work activities. See id.
 
 
 7
 Further, the ALJ considered testimony from Hofflander and her husband regarding daily and recreational activities, raising significant doubt as to Dr. Stites' assessment and the credibility of Hofflander's pain complaints. See Curry v. Sullivan, 925 F.2d 1127, 1130 (9th Cir.1990). Hofflander's testimony at the ALJ hearing that she could do some light housework--cleaning kitchen, making bed, dusting--and periodically go fishing with her husband, provides substantial evidence to support the conclusion that Hofflander was capable of performing sedentary to light work. See id.
 
 
 8
 Since the ALJ gave specific and legitimate reasons in rejecting certain opinions expressed by Dr. Stites regarding Hofflander's handling and feeling limitations, his finding that Hofflander showed medical improvement after May 11, 1994 was supported by substantial evidence. See Lester, 81 F.3d at 830-31.
 
 
 9
 AFFIRMED.
 
 
 
 *
 In accordance with Pub.L. No. 103-296, the Social Security Independence and Program Improvements Acts of 1994, and pursuant to Fed.R.App.P. 43(c)(1), Shirley S. Chater, Commissioner of Social Security Administration, is the proper defendant-appellee
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Accordingly, the request for oral argument is denied. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3