Cathryn M. ABBOTT, Plaintiff— Appellant,

v.

Jo Anne B. BARNHART, Commissioner, Social Security Administration, Defendant—Appellee.

No. 03–35832.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2005.

Decided March 21, 2005.

James S. Coon, Esq., Royce, Swanson, Thomas & Coon, Portland, OR, for Plaintiff–Appellant.

Sharon Maynard, Swanson, Thomas and Coon, Portland, OR, Vikash Chhagan, Esq., SSA–Social Security Administration Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: REINHARDT, BERZON, and BYBEE, Circuit Judges.

## MEMORANDUM *

Cathryn Abbott appeals from the district court's affirmance of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits and Supplemental Security Income.[1] She contends that the Administrative Law Judge ("ALJ") inexplicably ignored vocational evidence from the Oregon Vocational Rehabilitation Division that, if credited, would entitle her to benefits.

The Oregon Vocational Rehabilitation Division report was prepared by a vocational counselor and is therefore lay evidence. Because lay evidence "as to a claimant's symptoms is competent evidence that an ALJ must take into account," an ALJ commits legal error "unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir.2001); 20 C.F.R. § 404.1513(d)(3) (requiring the ALJ to consider lay evidence, including evidence provided by "public and private social welfare agency personnel," in making disability decisions). The Commissioner concedes on appeal that "the ALJ did not specify his reasons for rejecting the vocational counselor's report." Brief for Appellee at 15. Along with both parties, we agree that the ALJ did not expressly disregard the Oregon vocational evidence, nor did he expressly reject it; he did not even question it. What the ALJ did do, however, was to fail to accept or reject the critical evidence in question.

The Commissioner urges us to affirm the district court's determination that "[t]he ALJ sufficiently considered and rejected the lay vocational evidence" on the grounds that (1) the ALJ referred to the vocational evidence when he discussed Abbott's failure to follow through with job referrals and recommendations, (2) evidence of Abbott's daily habits contradicts the Oregon vocational counselor's noted limitations, and (3) medical evidence contradicts those limitations. We cannot do so for two reasons.

■ First, the district court correctly notes that the ALJ did refer to the Oregon vocational evidence for the purpose of establishing his larger point that Abbott has a history of not completing projects. However, the ALJ's *mere reference* to lay evidence is not sufficient to fulfill his duty pursuant to 20 C.F.R. § 404.1513(d)(3) to consider evidence from "public and private social welfare agency personnel." The ALJ failed to consider the evidence *for the purpose* of supporting or undermining Abbott's disability claim. *See Lewis,* 236 F.3d at 511; *Nguyen v. Chater,* 100 F.3d 1462, 1467 (9th Cir.1996) ("Lay testimony as to a claimant's *symptoms* is competent evidence which the Secretary must take into account . . . ." (emphasis in original)). Thus, the ALJ's error was not a failure to refer to the Oregon vocational evidence, but the failure to consider that evidence *for the purpose* of supporting or rejecting Abbott's claim.

Second, the district court erred when it substituted its own reasons for discrediting and rejecting the Oregon vocational evidence for those of the ALJ. The ALJ—not the district court—is required to provide germane reasons for rejecting evidence.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are acquainted with the facts and procedural history of the case, we repeat only an abbreviated summary here.

*See Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir.2003) ("[W]e cannot rely on independent findings of the district court. We are constrained to review the reasons the ALJ asserts.").

■ Because we find that the ALJ erred with respect to the evidence at issue, we must determine the effect of that error upon the claim's outcome. *See Batson v. Comm'r of the Soc. Sec. Admin.,* 359 F.3d 1190, 1197 (9th Cir.2004); *Curry v. Sullivan,* 925 F.2d 1127, 1131 (9th Cir.1990) (as amended). Where the ALJ has failed to provide legally sufficient reasons for rejecting evidence, there are no outstanding issues that must be resolved before a determination of disability can be made, and it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited, we remand for benefits. *See Smolen v. Chater,* 80 F.3d 1273, 1292 (9th Cir.1996). Here, however, the Oregon vocational counselor's report requires interpretation and analysis. That is a function that the ALJ must first perform. Only after he has done so can we determine whether he has given the evidence its proper effect. The judgment of the district court is therefore reversed and the case is remanded with instructions to remand the matter to the Commissioner for proper evaluation of the Oregon vocational evidence and its effect on Abbott's claim of disability and reconsideration of the denial of benefits.

REVERSED AND REMANDED.