981 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James A. RIPP, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 91-35743.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 10, 1992.*
Decided Dec. 16, 1992.
 
 Before WALLACE, Chief Judge, and SKOPIL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James A. Ripp appeals the district court's judgment affirming the Secretary's decision denying his application for disability insurance benefits. Ripp contends that (1) substantial evidence does not support the Secretary's finding that he was not disabled and (2) the Administrative Law Judge erred by applying the Medical-Vocational Guidelines to a nonexertional impairment. We reject these contentions, and we affirm.
 
 DISCUSSION
 1. Substantial Evidence
 
 3
 We agree with the district court that substantial evidence supports the Secretary's determination that Ripp was not disabled. The record indicates that Ripp underwent successful bilateral carpal tunnel surgery in 1984. Physicians who examined Ripp in 1986 and 1988 concluded that while there was some limitation in the use of his hands, Ripp could engage in work activity. Ripp was also treated for an emotional impairment that was controlled with medication. Although Ripp suffered periods of deterioration, his treating psychiatrist reported during the relevant time period that Ripp's condition had stabilized quite satisfactorily, he was functioning at a high level, and he was actively seeking work or retraining. The opinion of a treating physician is entitled to substantial weight. Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir.1991).
 
 
 4
 Ripp argues that substantial evidence does not support the Secretary's decision because the vocational expert testified that Ripp's emotional outbursts and lack of cooperation on the job might prevent continual employment. The expert also testified, however, that there are jobs available for Ripp that do not require much interpersonal contact. Moreover, the expert noted that Ripp's emotional problems did not prevent Ripp from completing a certificated course at a vocational technical school during the time he claims to have been disabled. We reject Ripp's argument.
 
 2. Use of Medical-Vocational Grids
 
 5
 Ripp contends that the ALJ erred as a matter of law by using the Medical-Vocational Guidelines, 20 C.F.R. § 404, Subpart P, Appendix 2 ("the grids"), to determine that he was not disabled. We agree that significant nonexertional impairments may make reliance on these grids inappropriate. See Desrosiers v. Secretary, 846 F.2d 573, 577 (9th Cir.1988). Nonetheless, the fact that a nonexertional limitation is alleged does not preclude application of the grids. Id. In such instances, the ALJ should rely on the vocational expert's testimony and use the grids only for additional support. Stewart v. Sullivan, 881 F.2d 740, 744 n. 5 (9th Cir.1989).
 
 
 6
 The ALJ properly followed this procedure, noting the episodic nature of Ripp's nonexertional impairment and the testimony of the vocational expert who considered Ripp's nonexertional impairment. The ALJ specifically found that Ripp's capacity for light work was not significantly compromised by his nonexertional limitation. See Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir.1990) (grids may be used when ALJ concludes that nonexertional limitation does not significantly affect exertional capacities), overruled on other grounds, Bunnell v. Sullivan, 947 F.2d 341 (9th Cir.1991) (en banc).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3