42 F.3d 1400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Wilbur J. HOLMAN, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-15956.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 16, 1994.
 
 Before: CHOY, FARRIS, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The Secretary, respondent/appellee, denied appellant Wilbur Holman's application for Social Security disability benefits. The United States District Court for the Northern District of California (Williams, J.) denied Holman's motion for summary judgment and granted the Secretary's cross-motion for summary judgment on Holman's petition to review the Secretary's decision. We affirm the district court's judgment.
 
 I.
 
 3
 We do not recite the facts because the parties are familiar with them.
 
 II.
 
 4
 We review the district court's grant of summary judgment de novo. Like the district court, we treat the Secretary's findings as conclusive and reverse the Secretary's decision only if it is not supported by substantial evidence or if it is based on legal error. See 42 U.S.C. Sec. 405(g); Matney ex rel. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1988). We consider evidence supporting or contradicting the Secretary's decision, but if the evidence can support either outcome, we defer to the judgment of the Secretary. Matney, 981 F.2d at 1019.
 
 III.
 
 5
 Holman raises two issues on appeal. He argues that the Secretary did not proffer evidence refuting his allegations that he suffered severe pain in his back. This pain, according to Holman, prevents him from sitting for more than fifteen minutes at a time or walking more than five minutes. Holman also argues that the administrative law judge (ALJ) committed several legal errors in assessing his residual functional capacity (RFC).
 
 A.
 
 6
 In order to have disbelieved Holman's pain testimony, the ALJ must have made specific findings justifying his skepticism. See Fair v. Bowen, 885 F.2d 597, 602 (9th Cir.1989). The ALJ may not have relied on Holman's failure to take pain medication if Holman had a good reason not to take it, nor may he have discredited Holman's testimony merely because objective medical findings did not support the testimony. The ALJ may have relied on other evidence tending to refute Holman's subjective testimony, a credibility assessment, and Holman's failure to seek treatment. S ee id. at 602-04.
 
 
 7
 We find that substantial evidence refuted Holman's subjective testimony of back pain. Holman takes pain medication only infrequently, and offered no explanation that might prevent the ALJ from considering this fact in his decision. Holman walks one mile per day, and often sits on his porch during the day. One of Holman's doctors recommended only conservative treatment for his back problem, and his treating physician reported that he was still capable of semi-sedentary work. The ALJ used all of this evidence and a credibility assessment to determine that Holman could sit longer than fifteen minutes and walk longer than five minutes at a time.
 
 B.
 
 8
 Holman alleges several errors in the Secretary's assessment of his RFC. First, he alleges that the Secretary ignored the testimony of Dr. Nedde, his treating physician. The ALJ was obligated to afford Dr. Nedde's report substantial weight. See Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir.1990).
 
 
 9
 We agree with the district court that the ALJ did give Dr. Nedde's report the weight it deserved. Dr. Nedde reported that Holman suffered from a bulging spinal disc, needed rehabilitation, was "disabled," and should be restricted to semi-sedentary work. The ALJ posed questions to a vocational expert (VE) relying on the doctor's determination that Holman could perform only semi-sedentary work. It was on the basis of answers to these questions that the ALJ determined Holman was not disabled. The doctor did characterize Holman as disabled, but the ALJ correctly inferred from the rest of his report--in particular, from his judgment that Holman could still work--that the doctor's conception of the term "disabled" is more expansive than the Secretary's. See 42 U.S.C. Sec. 423(d)(1)(A); 20 C.F.R. Sec. 404.1505 (1994).
 
 
 10
 Holman argues that the ALJ afforded Dr. Nedde's report too much weight in another respect. Dr. Nedde estimated that Holman would fall within California Workers Compensation Category G, the category restricting him to semi-sedentary work. Holman argues that the ALJ impermissibly used a state-agency classification to decide that he was not disabled, in violation of Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 576 (9th Cir.1988). However, the ALJ took Desrosiers into account. The California workers compensation system distinguishes on the basis of how much walking the job requires; the social security disability system on the basis of lifting capacity. Id. The ALJ formulated questions to the VE requiring the VE to consider both Holman's movement restrictions and a ten-pound lifting limit. The latter limitation made the questions consistent with Desrosiers. The ALJ elicited from these questions substantial evidence that bench assembly jobs do not require Holman to perform any work that Dr. Nedde considered him incapable of performing.
 
 
 11
 Holman also argues that the ALJ improperly relied on VE testimony that he could perform sedentary jobs, which, he argues, his back problems precluded him from performing. However, substantial evidence in the record indicates that the ALJ elicited vocational testimony reflecting Holman's semi-sedentary restrictions. The VE testified that Holman could still perform bench assembly jobs that required forty-five to sixty minutes of sitting at a time, and fifteen to thirty minutes of standing or walking at a time. Overall, the VE reported, the ratio of time spent sitting to time spent standing in such jobs is between 40/60 and 60/40. Fifty thousand of these jobs exist in California. This evidence obviates the need for the ALJ to have classified Holman as not disabled on the basis that he had the RFC to perform sedentary work.
 
 
 12
 Last, Holman argues that the bench assembly jobs for which the VE recommended him were really light-exertion jobs, according to the Dictionary of Occupational Titles (DOT). We find that the ALJ committed no legal or factual error. First, it was proper for the ALJ to seek vocational testimony more specific to Holman's case than Medical-Vocational Guidelines (the grids). Dr. Nedde's testimony required the ALJ to consider whether there existed jobs requiring Holman to sit and stand four hours each. Light work requires six hours of standing or walking; sedentary work requires six hours of sitting. Holman, needing semi-sedentary work, had a special case. This classification does not exist in the DOT or in the grids from which it is derived. See 20 C.F.R. pt. 404, subpt. P, app. 2. Since the normal classification system was not precise enough to cover Holman's case, the ALJ properly sought out a VE to provide information more specific than that in the DOT. See Desrosiers, 846 F.2d at 578-79; Soc.Sec.Ruling 83-12.
 
 
 13
 Second, substantial evidence exists to show that bench assembly jobs are not light-exertion jobs. The VE testified that these jobs required at most a 60-40 walking/sitting ratio--between four and five hours of an eight-hour day. The maximum lifting limit for light-exertion work is twenty pounds; the ALJ specified in his questions to the VE that Holman could lift no more than ten pounds.
 
 Conclusion
 
 14
 We find that the Secretary properly applied the law and supported with substantial evidence her determinations that Holman's subjective testimony of back pain did not prevent him from working and that Holman's RFC allowed him to work. We AFFIRM the district court's decision to grant the Secretary summary judgment.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3