51 F.3d 279
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard L. COLEMAN, Plaintiff-Appellant,
v.
Donna E. SHALALA, Defendant-Appellee.
 No. 93-56437.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1995.*
Decided March 30, 1995.
 
 1
 Before: SCHROEDER and KLEINFELD, Circuit Judges, and KING,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Claimant Richard L. Coleman appeals from the decision of the district court granting summary judgment in favor of the Secretary of Health and Human Services (the "Secretary") on Coleman's petition for judicial review of the Secretary's final decision denying his application for disability benefits under Title II of the Social Security Act (the "Act") and Supplemental Security Income ("SSI") benefits under Title XVI of the Act. Coleman contends that the Secretary erred in (1) ignoring substantial evidence of record establishing that Coleman's musculoskeletal impairment met the requirements for a finding of disability under section 1.05C, Appendix 1 to 20 C.F.R. Sec. 404.1501; (2) rejecting Coleman's allegations of disabling pain; and (3) finding that Coleman had the residual functional capacity ("RFC") for sedentary work. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and affirm.
 
 I.
 
 4
 Coleman contends that the Secretary should have found him disabled under Section 1.05C, Appendix 1 to 20 C.F.R. Sec. 404.1501, which reads, in pertinent part:
 
 1.05 Disorders of the Spine
 
 5
 C. Other vertebrogenic disorders (e.g., herniated nucleus pulposus, spinal stenosis) with the following persisting for at least three months despite prescribed therapy and expected to last 12 months. With both 1 and 2:
 
 
 6
 1. Pain, muscle spasm, and significant limitation of motion in the spine; and
 
 
 7
 2. Appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss.
 
 
 8
 In his written decision, the ALJ noted the report of Dr. Stephen Stecker, Coleman's treating neurologist, based on a September 1988 examination. That examination revealed some sensory and reflex loss and a decreased range of forward motion. However, Dr. Stecker did not report any muscle weakness, atrophy or motor loss. The ALJ also considered the results of an examination conducted in May 1988--about a year after the alleged onset of Coleman's disability--at the University of California San Diego Medical Center. The examining physician reported normal motor and sensory test results and normal muscle tone and strength. Dr. Ernesto Fernandez, a board-certified orthopedic surgeon, examined Coleman at the request of the Administration. He reported that Coleman's body build was "hard," his gait normal, and that the range of motion of his cervical spine was normal.
 
 
 9
 The mere diagnosis of an impairment listed under the Social Security Regulations is not sufficient to sustain a finding of disability. Young v. Sullivan, 911 F.2d 180, 183 (9th Cir.1990). Rather, a claimant must show that his or her impairment meets the severity and durational requirements of the listing and that he or she suffers from all the symptoms listed therein. Id. at 181, 183-84. Even viewing the record in the light most favorable to Coleman's claim, there is no medical evidence of significant motor loss or muscle weakness, as required under the listing.
 
 
 10
 The ALJ's determination that Coleman did not have an impairment or combination of impairments listed in or medically equivalent to one listed in Appendix 1 was based on medical diagnoses rendered after independent examination and objective clinical testing. It is thus supported by substantial evidence in the record.
 
 II.
 
 11
 Once a disability claimant produces objective medical evidence of an underlying impairment that is likely to cause pain, the ALJ may not reject the claimant's subjective complaints of pain based solely on a lack of objective medical evidence to fully corroborate the alleged severity of the pain. Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir.1991). The ALJ may find the claimant's allegations of pain to be not credible, but to do so the ALJ must make specific findings supporting such a determination. Id.
 
 
 12
 In the instant case, the ALJ noted, in addition to an absence of direct objective medical evidence supporting Coleman's allegations as to the severity of his pain, (1) the absence of any muscle weakness, atrophy or other evidence of inactivity due to pain; (2) the absence of any evidence of sleep deprivation due to pain; (3) the fact that Coleman did not require a cane or crutches on the day of the supplemental hearing, a day he described as "average" in terms of pain; (4) the fact that Coleman's alleged pain had not, according to his own testimony, affected his memory or ability to concentrate; and (5) contradictory testimony by Coleman at his first and second hearings regarding his daily activities.
 
 
 13
 The ALJ made clear in his written decision that his rejection of Coleman's allegations regarding the severity of his pain was not based solely on the absence of objective medical evidence. Moreover, his detailed findings are based on the record and are supported by substantial evidence therein.
 
 III.
 
 14
 The ALJ relied on the testimony of Dr. Meyers, the medical advisor at Coleman's first hearing, and Dr. Fernandez, the Social Security consultative physician, in concluding that Coleman had the residual functional capacity to perform a reduced but nonetheless significant range of sedentary work.[1] Dr. Meyers concluded that Coleman could sit for up to four hours in a six-hour work day, albeit only for an hour at a time. Dr. Fernandez concluded that Coleman was limited to "semi-sedentary" work involving sitting and standing approximately one half of the time and with minimal physical demands. The uncontroverted opinions of Drs. Meyers and Fernandez constituted substantial evidence as to the issue of disability, and the ALJ properly relied on them. See Curry v. Sullivan, 925 F.2d 1127, 1130 n. 2 (9th Cir.1990).
 
 
 15
 Where, as in the instant case, a claimant has established that an impairment precludes his or her return to past relevant work, the burden shifts to the Secretary to identify other jobs, existing in significant numbers in the national economy, that the applicant is capable of performing. Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir.1990).
 
 
 16
 Coleman's inability to sit for prolonged periods of time precludes a finding that he is capable of performing a full range of sedentary work. However, such a limitation does not necessitate a finding of disability. See Martinez v. Heckler, 807 F.2d 771 (9th Cir.1986). Moreover, the Secretary has taken note of such circumstances in Social Security Ruling ("SSR") 83-12, counseling ALJs that a vocational specialist should be consulted when making disability determinations in cases of an unusual limitation of the applicant's ability to sit or stand.
 
 
 17
 In the instant case, the ALJ relied on the testimony of Dr. Metcalf, a vocational expert, that there were approximately 8,000 unskilled sedentary jobs in the San Diego area and 65,000 such jobs nationally that Coleman could perform while alternately sitting and standing. Dr. Metcalf's testimony was not contradicted and constituted substantial evidence as to Coleman's ability to perform work existing in significant numbers in the national economy. See Martinez, 807 F.2d at 774-75. The ALJ thus did not err in finding that Coleman was not disabled.
 
 IV.
 
 18
 We AFFIRM the judgment of the district court.
 
 
 
 *
 The Panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. Sec. 404.1567(a)