116 F.3d 485
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David REGAN, Plaintiff-Appellant,
v.
John J. CALLAHAN, Commissioner of Social Security,*
Defendant-Appellee.
 No. 96-55433.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 2, 1997.***
Decided June 5, 1997.
 
 Appeal from the United States District Court for the Central District of California Linda H. McLaughlin, District Judge, Presiding.
 Before: SCHROEDER, BRUNETTI and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Regan appeals the district court's summary judgment in favor of the Commissioner of Social Security in this challenge to the Commissioner's denial of Regan's application for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 405(g). At the time of the ALJ's decision, Regan was 37 years old, had undergone surgical repair of a hernia, and had various physical and psychological problems.
 
 
 3
 The ALJ determined that Regan was unable to return to his prior work, which required heavy lifting, but that he retained the residual functional capacity to perform light work, and was therefore not disabled.
 
 
 4
 Regan's principal contention before us is that we must reverse because the ALJ did not make adequate findings to support his rejection of appellant's testimony concerning constant pain. The ALJ's conclusions of law state that the pain testimony was rejected as inconsistent with the medical evidence. This in and of itself provides insufficient basis for discounting the testimony. See e.g. Bunnell v. Sullivan, 947 F.2d 341, 346-47 (9th Cir.1991) (en banc); Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir.1986). Elsewhere in the decision, however, the ALJ pointed out that the claimant's testimony as to the nature, duration, and location of the pain was not specific, and that he was "capable of attending to his personal needs and performing a wide variety of daily activities." These findings are supported by the record which shows that appellant is able to shop, drive, and cook, in addition to watching television 8 to 10 hours a day.
 
 
 5
 Appellant also contends that there was not substantial evidence to support the finding that Regan could perform light work. While at least two physicians recommended that Regan have back surgery, one, Dr. Hafezi, expressly stated that the surgery would enable Regan to return to "the heavy labor market", and the opinion of Dr. Kropf, was consistent with that view. The evidence does not undercut the ALJ's finding that Regan could do light work. Another orthopedic surgeon, Dr. Boseker, did not recommend surgery and concluded that any physical disability limitation fell somewhere between precluding heavy work and limiting work to light work. None of the physicians found that Regan was unable to do light work. The evaluations of the psychologist and psychiatrist were in conflict as to whether Regan had any need for limited psychological treatment. We cannot say that the finding of Regan's ability to do light work was unsupported by substantial evidence in the record as a whole. See e.g., Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir.1990).
 
 
 6
 Regan's assertion that the ALJ ignored his mental condition is not correct. The ALJ considered both the psychiatric and psychological evaluations, and found that he suffered from some anxiety and depression in addition to his physical problems. The ALJ's conclusion that none of this impairment singly or in combination rendered him disabled was supported by the evidence and was adequately explained in a reasoned decision.
 
 
 7
 AFFIRMED.
 
 
 
 *
 John J. Callahan is substituted for Shirley Chater as defendant-appellee in this appeal
 
 
 **
 * The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3