Jennie K. EKWORTZEL, Plaintiff—Appellant,

v.

Michael J. ASTRUE,* Commissioner of Social Security, Defendant—Appellee.

No. 06–36054.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 2008.

Filed May 23, 2008.

---

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

John E. Seidlitz, Jr., Esq., Seidlitz Law Office, Great Falls, MT, for Plaintiff–Appellant.

George F. Darragh, Jr., Esq., USGF—Office of the U.S. Attorney, Great Falls, MT, Wayne M. Stanley, Esq., Social Security Administration Assistant Regional Counsel, Region VIII, Denver, CO, for Defendant–Appellee.

Before: THOMPSON, W. FLETCHER, and BEA, Circuit Judges.

MEMORANDUM **

Plaintiff–Appellant Jennie K. Ekwortzel appeals the district court's judgment affirming the Commissioner of Social Securi-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ty's denial of her application for Social Security disability insurance benefits. The facts and procedural history are familiar to the parties, and we do not repeat them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review the district court's decision de novo, but we "must affirm if substantial evidence supports the Commissioner's decision and if the Commissioner applied the correct legal standards." *Lewis v. Apfel,* 236 F.3d 503, 509 (9th Cir.2001).

Ekwortzel challenges the Commissioner's denial of her claim on the ground that the ALJ improperly rejected the opinion of psychiatrist Dr. Driscoll. If a treating or examining physician's medical opinions or conclusions are contradicted by another doctor, the ALJ may reject them by providing " 'specific and legitimate' reasons supported by substantial evidence in the record for doing so." *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir.1996).

■ The findings of clinical psychologist and mental health expert Dean Gregg were based on his review of the medical records and on Ekwortzel's own testimony. He provided specific, legitimate reasons for rejecting Dr. Driscoll's opinions, and therefore his opinion constitutes substantial evidence supporting the ALJ's decision. *See Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir.2002); *see also Morgan v. Commissioner,* 169 F.3d 595, 602–03 (9th Cir.1999); *Curry v. Sullivan,* 925 F.2d 1127, 1130 (9th Cir.1990).

Furthermore, Dr. Driscoll's opinion, which does not contain any mental status examination findings, "is brief, conclusory, and inadequately supported by clinical findings." *Thomas,* 278 F.3d at 957. Dr. Driscoll's opinion appears to be based primarily on Ekwortzel's subjective complaints, which the ALJ found to be only "partially credible." *See Bayliss v. Barnhart,* 427 F.3d 1211, 1217 (9th Cir.2005) (psychologist's assessment based on claim-ant's complaints and information submitted by friends, relatives and former counselor properly rejected by ALJ when not supported by objective medical data or reports). We conclude that these are specific, legitimate reasons supported by substantial evidence for rejecting Dr. Driscoll's opinion. *See id.* at 1216.

■ The ALJ further found that, although Ekwortzel had the severe impairments of chronic obstructive pulmonary disease and depression, her condition was not so severe as to be disabling. A "disability" is defined as any medically determinable physical or mental impairment which prevents one from engaging in any substantial gainful activity and is expected to result in death or last for a continuous period of not less than 12 months. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (defining disability within the meaning of the Act).

The ALJ's assessment of Ekwortzel's physical limitations is supported by the opinions of Dr. Scholfield and Dr. Horsley. The objective medical findings reported by Dr. Hurd further supported the ALJ's determination that Ekwortzel could perform limited light work activity. *See Thomas,* 278 F.3d at 957 ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record.").

The ALJ considered both Gregg's testimony and the evidence as a whole in making findings regarding Ekwortzel's mental limitations. Therefore, the ALJ's findings were supported by substantial evidence.

■ Because Ekwortzel's residual functional capacity precluded any of her past work, the ALJ obtained vocational expert testimony to determine whether Ekwortzel could perform other work existing in sig-

nificant numbers in the national economy. In the hypotheticals posed to the vocational expert, the ALJ included only the limitations supported by substantial evidence. *See Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 886 (9th Cir.2006). The ALJ properly relied on the vocational expert's testimony indicating that Ekwortzel is able to perform work existing in significant numbers in the national economy. *See Bayliss,* 427 F.3d at 1217–18.

Accordingly, we conclude that the ALJ's decision was supported by substantial evidence and we affirm the district court's judgment.

**AFFIRMED.**