Joseph L. ARCHAMBEAULT,
Plaintiff–Appellant,

v.

Michael J. ASTRUE, Commissioner of Social Security Administration,
Defendant–Appellee.

No. 07–16946.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 13, 2009.

Filed April 3, 2009.

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

& Runbeck, PC, Phoenix, AZ, for Plaintiff–Appellant.

Michael A. Johns, Office of the U.S. Attorney, Phoenix, AZ, Mark A. Win, Assistant Regional Counsel, Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: McKEOWN and IKUTA, Circuit Judges, and SELNA,* District Judge.

## MEMORANDUM **

 The ALJ did not err in giving significant weight to the opinion of Dr. Maxwell, Archambeault's treating physician, or in interpreting that opinion to hold that Archambeault retained the residual functional capacity for sedentary work. That the ALJ chose to adopt Dr. Maxwell's opinion over those of other doctors was well within her prerogative. *Sample v. Schweiker*, 694 F.2d 639, 643 (9th Cir. 1982); *see Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir.1990). Dr. Maxwell indicated that Archambeault was able to perform "nonexertional functions." One rational interpretation of this evidence, as held by the ALJ, is that Archambeault retained the residual functional capacity for sedentary work. Where, as here, the evidence is susceptible to more than one rational interpretation, we defer to the ALJ's decision. *Batson v. Comm'r of Soc.*

Joel F. Friedman, Esquire, Jerome, Gibson, Stewart, Friedman, Stevenson, Engle

* The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). Moreover, the ALJ considered Forman's testimony and reasonably determined that her testimony was consistent with a finding that Archambeault could perform sedentary work. *Id.* To the extent Archambeault raised a new challenge at oral argument concerning inconsistencies in Dr. Maxwell's assessment, that challenge is foreclosed. *Dream Palace v. County of Maricopa,* 384 F.3d 990, 1005 (9th Cir.2004).

■ The ALJ also gave " 'specific, clear and convincing reasons' " for discounting Archambeault's testimony. *Lingenfelter v. Astrue,* 504 F.3d 1028, 1036 (9th Cir.2007) (quoting *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir.1996)). In addition to finding that the weight of the medical evidence did not support Archambeault's claim of a total inability to work due to back pain, the ALJ found that Archambeault was able to perform various household chores, such as grocery shopping, caring for pets, and working on the computer. The record also shows that Archambeault cooks, washes dishes, and performs yard work. We have repeatedly upheld adverse credibility findings under similar circumstances, and do so again here. *E.g., Batson,* 359 F.3d at 1196; *Curry,* 925 F.2d at 1130.

■ Finally, substantial evidence supports the ALJ's determination that Archambeault could perform jobs identified by the vocational expert. The ALJ solicited the vocational expert's opinion about a hypothetical claimant able to perform sedentary work that permitted alternating positions at will. The vocational expert testified that such a person could work as an assembly worker, quality control inspector, or surveillance system monitor. Under

our case law, the ALJ weighs the evidence for probity and credibility, whereas the vocational expert merely translates factual scenarios into realistic job market probabilities. *Sample,* 694 F.2d at 643–44. Accordingly, because the ALJ's hypothetical is supported by facts in the record, there is no merit to Archambeault's objection. *Id.* at 644.

**AFFIRMED.**