NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| DENNIS MARSH, | ) | No. 09-35754 |
| | ) | |
| Plaintiff – Appellant, | ) | D.C. No. 3:08-CV-00385-HA |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| COMMISSIONER SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant – Appellee. | ) | |
| | ) | |

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, Senior District Judge, Presiding

Submitted June 7, 2010[**]
Portland, Oregon

Before:    HALL, FERNANDEZ, and McKEOWN, Circuit Judges.

Dennis Marsh appeals the district court's judgment, which affirmed the

Commissioner of Social Security's denial of Disability Income Benefits.  We

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

affirm.

(1)    Marsh first asserts that the Administrative Law Judge erred in his determination that Marsh was not afflicted by fibromyalgia.  We agree that the ALJ did not review this issue using the proper standard for a fibromyalgia determination,[1] and gave insufficient weight to the opinion of Marsh's rheumatologist.[2]  The government concedes as much.  However, Marsh suffered no prejudice[3] because the determination occurred at step two[4] of the evaluation, the ALJ still decided that Marsh had severe impairments, and the ALJ did take the effect of Marsh's pain into account in deciding the case.

(2)    Marsh next contends that we must reverse because the ALJ discounted Marsh's claim that he had severe post traumatic stress disorder (PTSD) and severe memory and concentration loss.  We disagree.  As to the former, the ALJ properly noted Marsh's own conflicting stories about the supposed source of his alleged PTSD,[5] and relied upon his treating physician-psychiatrist's rejection of PTSD as a

---

[1]Rollins v. Massanari, 261 F.3d 853, 855 (9th Cir. 2001).

[2]Benecke v. Barnhart, 379 F.3d 587, 594 & n.4 (9th Cir. 2004).

[3]See Burch v. Barnhart, 400 F.3d 676, 679, 682 (9th Cir. 2005).

[4]See 20 C.F.R. § 416.920(c).

[5]Cf. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) (stating that a
                                                        (continued...)

2

diagnosis.[6] As to the latter, the medical records after the disability onset date[7] indicated that Marsh did have a loss of concentration and memory, but those records do not indicate that they were actually based upon clinical observation and testing[8] rather than upon Marsh's subjective complaints,[9] and are rather conclusory and brief.[10] They are essentially tied to the credibility of Marsh's assertions of his deficits, which we will comment upon in the next paragraph. Moreover, Marsh's PTSD and memory and concentration loss complaints were partially taken into account in the ALJ's ultimate residual functional capacity determination.

    (3)    The ALJ found that Marsh was not entirely credible when he asserted

---

[5](...continued)
claimant's inconsistent statements can be considered in determining credibility).

[6]See Carmickle v. Comm'r Soc. Sec. Admin., 533 F.3d 1155, 1164–65 (9th Cir. 2008).

[7]See id. at 1165 (stating that diagnosis before the onset date can be of limited relevance).

[8]See Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1199–1200 (9th Cir. 2008).

[9]See Social Security Ruling (SSR) 96-7p, 1996 WL 374186 (July 2, 1996), at *2 (claimant's statement of his own symptoms will not suffice).

[10]See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

that his loss of concentration and his pain precluded him from working.[11] Based upon this record, the evidence is sufficient[12] to support the ALJ's determination that Marsh's claims of pain and other deficits are not entirely credible,[13] and that Marsh could, therefore, perform work in the national economy.[14] We cannot substitute our judgment for the ALJ's.[15]

(4) Marsh makes a number of other assertions of error whose resolution will not affect our ultimate decision of this matter. Briefly stated: (a) the ALJ properly determined that the testimony of Marsh's wife and former employer

---

[11]There can be little doubt that Marsh had conditions that did produce pain; the ultimate issue was how much and how devastating. See Lingenfelter v. Astrue, 504 F.3d 1028, 1035–36, 1040 (9th Cir. 2007). A claimant's assertion of the extent of his pain can be rejected where the ALJ provides "specific, cogent reasons for the disbelief." Orn v. Astrue, 495 F.3d 625, 635 (9th Cir. 2007) (internal quotation marks omitted); see also Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989).

[12]See Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193, 1196 (9th Cir. 2004); Rollins, 261 F.3d at 855–56.

[13]See Burch, 400 F.3d at 680–81; Rollins, 261 F.3d at 857; Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999); Curry v. Sullivan, 925 F.2d 1127, 1130 (9th Cir. 1991).

[14]See 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.920(e) & (g); Burch, 400 F.3d at 679.

[15]See Batson, 359 F.3d at 1196.

4

added nothing substantial to the evidence;[16] (b) under the circumstances, the ALJ could properly give little weight to the Veterans Administration disability rating;[17] (c) the evidence did not support a determination that medications taken by Marsh would interfere with his working;[18] and (d) the hypothetical was sufficient to set forth all of the credible limitations found by the ALJ.[19]

AFFIRMED.

---

[16]See Valentine v. Comm'r Soc. Sec. Admin, 574 F.3d 685, 693–94 (9th Cir. 2009).

[17]See McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002). ("[T]he ALJ may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record."); see also Valentine, 574 F.3d at 694–95.

[18]See Osenbrock v. Apfel, 240 F.3d 1157, 1164 (9th Cir. 2001).

[19]See Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988).