**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHANEL EPPS, | No. 10-56776 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-01380-WQH-WVG |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted April 9, 2012[**]
Pasadena, California

Before: KLEINFELD and M. SMITH, Circuit Judges, and MARBLEY, District
Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Algenon L. Marbley, District Judge for the U.S.
District Court for Southern Ohio, sitting by designation.

Chanel Epps appeals the district court's decision affirming the Commissioner of Social Security's denial of her application for disability insurance benefits and supplemental security income. She argues that the administrative law judge erred by ignoring the opinion of her treating psychiatrist. We disagree. While the ALJ does not mention the treating psychiatrist by name, he repeatedly cites and discusses the psychiatrist's medical reports. Moreover, the ALJ's finding that Epps's "symptoms appear to be adequately controlled with prescribed treatment" is based upon and consistent with the treating psychiatrist's treatment records. Thus, the ALJ did not reject the treating physician's ultimate conclusions. See Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1995). Substantial evidence in the whole record supports the ALJ's decision.

Epps also argues that the ALJ did not adequately analyze and present to the vocational expert limitations deriving from Epps's mental impairments. To the extent the ALJ erred, such error was harmless. See Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1990). Although the ALJ did not present Epps's alleged mental impairments to the vocational expert, all the jobs identified by the expert were unskilled and therefore consistent with Epps's residual functional capacity. Based on her psychiatrist's conclusions, her mental impairments would not affect

2

the vocational expert's conclusion, because they were well controlled by medication. Thus, no reasonable ALJ could have concluded that Epps could not perform the jobs identified by the vocational expert. See Stout v. Comm'r, 454 F.3d 1050, 1055-56 (9th Cir. 2006).

AFFIRMED.