**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 05 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RANDY D. YOUNG,

         Plaintiff - Appellant,

  v.

COMMISSIONER OF SOCIAL
SECURITY,

         Defendant - Appellee.

No. 12-17132

D.C. No. 2:11-cv-01283-CMK

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Craig Kellison, Magistrate Judge, Presiding

Submitted November 3, 2014[**]

Before:    THOMAS, Chief Judge, NELSON, and LEAVY, Circuit Judges.

Randy Young appeals the district court's judgment affirming the

Commissioner of Social Security's denial of his applications for disability

insurance benefits and for supplemental security income under Titles II and XVI of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Social Security Act.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's order de novo.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  We may set aside the denial of benefits only if it is not supported by substantial evidence or is based on legal error.  *Id.*

Young contends that the Administrative Law Judge's (ALJ) residual functional capacity (RFC) finding was not supported by substantial evidence and did not properly account for his mental and physical limitations.   The ALJ's determination that Young had the RFC "to perform a full range of work at all exertional levels that involve simple routine tasks that have no frequent dealings with the public and do not require good reading and writing skills," was consistent with the restrictions identified by the examining clinical neuropsychologist and with the opinion of the state agency's psychiatric consultant.  Accordingly, the RFC finding adequately captured Young's mental limitations.  *See Stubbs–Danielson v. Astrue,* 539 F.3d 1169, 1174 (9th Cir. 2008) ("[A]n ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony.").

As to Young's contention that the RFC finding failed to take into account his physical limitations, specifically his abdominal pain and obesity, the ALJ did not err by determining at step two of the sequential evaluation that the abdominal pain was a non-severe impairment because it did not last more than 12 consecutive months. *See* 20 C.F.R. §§ 404.1509, 416.909. Moreover, Young provided neither evidence of how his pain had a functional effect on his ability to perform work, nor evidence to refute the conclusion that the pain could be managed with proper medication. *See Morgan v. Comm'r of the Soc. Sec. Admin.,* 169 F.3d 595, 600–01 (9th Cir. 1999). Young also failed to provide any evidence that his obesity exacerbated his reported mental and physical impairments. The ALJ was not required to include additional limitations not supported by the record. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1164–65 (9th Cir. 2001).

Young contends that the ALJ improperly discredited his testimony, the written and oral testimony of his mother, and the written testimony of his sister regarding the severity of his impairments. The ALJ provided specific, clear and convincing reasons for rejecting Young's testimony concerning the debilitating effects of his mental and physical impairments and his functional limitations. First, the ALJ found that Young's assertion of debilitating mental problems was undermined by the medical evidence. *See Chaudhry v. Astrue*, 688 F.3d 661,

670-71 (9th Cir. 2012) (holding that the ALJ properly relied on medical evidence undermining claimant's subjective assessment of limitations). Second, the ALJ properly took into account that Young received only conservative treatment and was often times noncompliant with his prescribed psychiatric medication regime. *See Parra v. Astrue,* 481 F.3d 742, 751 (9th Cir. 2007) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment.") (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)). Moreover, the ALJ did not clearly err by determining that Young had not reported limitations in daily living that were suggestive of totally debilitating mental conditions. *See Curry v. Sullivan,* 925 F.2d 1127, 1130 (9th Cir. 1990) (concluding that claimant's testimony about her daily activities, including taking care of personal needs, preparing easy meals, doing light housework and shopping for groceries, may be seen as inconsistent with the presence of a disabling condition). Finally, although the ALJ may have erred in failing to provide reasons for rejecting the testimony of Young's mother and sister, any such error was harmless because their testimony was substantially the same as Young's. *See Molina*, 674 F.3d at 1121–22.

Young contends that the ALJ improperly rejected the opinion of psychiatric nurse practitioner Gina Davis in assessing his mental limitations. The ALJ gave

several germane reasons for discounting Davis's opinion. *See id.* at 1111 (stating that an ALJ may discount the opinion of a physician's assistant if the ALJ provides germane reasons for doing so); *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (recognizing that inconsistency with medical evidence is a germane reason). As the ALJ noted, Davis's assessment did not cite any objective clinical findings that would corroborate her determinations of a permanent disability. Moreover, Davis's disability determination was contradicted by her own treatment notes and was not consistent with the findings of the clinical neuropsychologist and the state agency's psychiatric consultant.

Finally, Young contends that the ALJ should not have relied on the Medical-Vocational Guidelines, but rather was required to use a vocational expert in determining that a significant number of jobs exist in the national economy which he could perform. Substantial evidence supports the ALJ's determination that Young's mental impairments were not a sufficiently severe non-exertional limitation that required the assistance of a vocational expert. *See Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007) (holding that claimant's moderate depression was not a sufficiently severe non-exertional limitation that required the assistance of a vocational expert).

**AFFIRMED.**