**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| CHRISTINE HARRISON, | No. 14-16130 |
| Plaintiff - Appellant, | D.C. No. 3:13-cv-08177-HRH |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
H. Russel Holland, District Judge, Presiding

Submitted November 10, 2015[**]

Before:     THOMAS, Chief Judge, D.W. NELSON and LEAVY, Circuit Judges.

Christine Harrison appeals from the district court's order affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's order de novo, the administrative law judge's ("ALJ") decision for substantial evidence. *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). We affirm.

The ALJ reasonably interpreted the evidence regarding Harrison's mental health limitations.[1] The ALJ properly relied on Harrison's record, including her mental health treatment notes and her daily functioning reports, to conclude that physician assistant Barnes's opinion that Harrison would be "unable to hold a job," was not sufficiently corroborated. *See Molina,* 674 F.3d at 1111-12 (recognizing that a conflict with treatment history is a germane reason to reject a physician assistant's opinion); *Curry v. Sullivan,* 925 F.2d 1127, 1130 (9th Cir. 1991) (concluding that claimant's testimony about her daily activities may be seen as inconsistent with the presence of a disabling condition).

The ALJ also reasonably determined that Barnes's opinion was contradicted by the opinions of two examining psychologists and two non-examining psychologists, all of whom found that Harrison did not have any significant work-related limitations stemming from her mental impairments. *See Thomas v.*

---

[1] Because Harrison raised no arguments before the district court or in her opening brief pertaining to her physical limitations, any issues regarding the ALJ's decision as it pertained to those limitations are deemed waived.

*Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record."). Any error the ALJ may have made in attributing Barnes's checklist opinion to Dr. Sadowski, and also partially discounting the opinion on that basis, was harmless.

Finally, the ALJ reasonably found that Harrison's testimony regarding the intensity, persistence, and limiting effects of her symptoms was inconsistent with the medical record and her daily functioning. Although the ALJ's remaining reasons for discounting Harrison's testimony may be less than convincing, any error was harmless in light of the ALJ's separate and legitimate findings, which provided substantial evidence for the adverse credibility determination. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (stating that error is harmless if the "ALJ's remaining reasoning and ultimate credibility determination were adequately supported by substantial evidence in the record") (emphasis omitted).

**AFFIRMED.**