**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 03 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RANDALL C. STEWART, | No. 15-35208 |
| Plaintiff - Appellant, | D.C. No. 4:13-cv-00105-BMM |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted December 29, 2016[**]

Before:     PREGERSON, LEAVY, and OWENS, Circuit Judges.

Randall C. Stewart appeals the district court's judgment affirming the

Commissioner of Social Security's denial of his application for disability insurance

benefits under Title II of the Social Security Act.  We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and affirm.

The Administrative Law Judge (ALJ) reasonably concluded, after reviewing the medical evidence, that Stewart failed to meet the requirements of a per se disabling impairment as set forth in Listing 1.04A. On appeal, Stewart fails to point to any evidence demonstrating the requisite spinal impairments or the positive straight-leg raise test required under the Listing. Accordingly, Stewart has failed to carry his burden of establishing that he met all the criteria for Listing 1.04A. *See Sullivan v. Zebley,* 493 U.S. 521, 530 (1990) ("[T]o show that [an] impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify."), *superseded by statute on other grounds as stated in Kennedy v. Colvin,*738 F.3d 1172, 1174 (9th Cir. 2013); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (holding that the claimant has the burden of proving that the impairments meet the criteria of the Listings).

The ALJ provided specific and legitimate reasons for giving little weight to the 2012 opinion of Dr. Galvas, Stewart's treating physician, regarding Stewart's

functional limitations.[1]  First, the ALJ noted that Dr. Galvas's opinion was inconsistent with the medical evidence and the treatment notes.  *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692–93 (9th Cir. 2009) (holding that a conflict with treatment notes is a specific and legitimate reason to reject treating physician's opinion).  Dr. Galvas reported that epidural injections had successfully kept Stewart's low back pain under control, that there were no motor or sensory deficits, that Stewart had a full range of motion in his extremities, full motor strength in his upper extremities, and that at his most recent appointment before the hearing, Stewart had reported that he was getting along well and not taking any routine medications.

The ALJ also reasonably gave little weight to Dr. Galvas's opinion on the ground that it was inconsistent with Stewart's own testimony regarding his daily activities.  Stewart testified that he was able to garden for two hours straight, do household chores such as vacuuming, ride a bike, and cut firewood with a chainsaw for up to three hours in a day, with rests.  Given the medical record and Stewart's testimony, substantial evidence supported the ALJ's decision to give little weight to Dr. Galvas's opinion regarding Stewart's functional limitations.

---

[1]  The ALJ acknowledged that Dr. Galvas provided several opinions, and reasonably gave more weight to the 2012 opinion, which was more recent and which set forth more restrictive limitations than the March 2009 opinion.

The ALJ provided specific, clear and convincing reasons supported by substantial evidence in the record to discredit Stewart's subjective complaints regarding the intensity, persistence and limiting effects of his symptoms. The ALJ specifically noted the medical evidence, including Stewart's improvement following his epidural injections, his positive physical therapy treatment and Stewart's testimony regarding his daily activities. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (finding that claimant's response to conservative treatment undermined his reports regarding the disabling nature of his pain); *Curry v. Sullivan,* 925 F.2d 1127, 1130 (9th Cir. 1991) (concluding that claimant's testimony about her daily activities, including taking care of personal needs, preparing easy meals, doing light housework and shopping for groceries, may be seen as inconsistent with the presence of a disabling condition).

Finally, the ALJ reasonably incorporated all the limitations he found credible into his hypothetical to the vocational expert. Although Stewart argues for a different reading of the record, the ALJ's interpretation of the evidence was rational and should be upheld. *See Tommasetti,* 533 F.3d at 1038 ("The court will uphold the ALJs conclusion when the evidence is susceptible to more than one rational interpretation."); *see also Magallanes v. Bowen*, 881 F.2d 747, 756–57 (9th Cir.

4

1989) (finding that a proper hypothetical need only include those restrictions that are supported by substantial evidence).

**AFFIRMED.**