**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUZANNE N. MEADOR, | No. 08-16976 |
| Plaintiff - Appellant, | D.C. No. CV-07-02418-JF |
| v. | |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | MEMORANDUM [*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jeremy D. Fogel, District Judge, Presiding

Argued and Submitted November 5, 2009
San Francisco, California

Before:  B. FLETCHER, CANBY, and GRABER, Circuit Judges.

Plaintiff Suzanne N. Meador appeals from the summary judgment in favor

of the Commissioner of the Social Security Administration.  On de novo review,

Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005), we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. The administrative law judge ("ALJ") provided specific and legitimate reasons for rejecting the opinion of Plaintiff's treating physician, Dr. Mark. <u>Lester v. Chater</u>, 81 F.3d 821, 830-31 (9th Cir. 1996). These reasons, which the record supports, include:

- Dr. Mark's opinion that Plaintiff's abilities were severely limited was inconsistent with the medical record as a whole, as demonstrated by the observations of several other physicians who suggested that Plaintiff was exaggerating her distress. <u>Batson v. Comm'r of Soc. Sec.</u>, 359 F.3d 1190, 1195 (9th Cir. 2004).

- Dr. Mark's opinion that Plaintiff's pain severely limited her abilities was inconsistent with Plaintiff's justification of her infrequent use of strong pain medication by reference to side effects such as feeling drowsy. <u>Osenbrock v. Apfel</u>, 240 F.3d 1157, 1166 (9th Cir. 2001).

- Examination notes stating that Plaintiff was slowly improving were inconsistent with Dr. Mark's second residual functional capacity questionnaire, which downgraded his assessment of her manipulative abilities and reaching ability from no limits to only 50 percent of an eight-hour working day.

- The ALJ permissibly regarded Dr. Mark as an advocate, where he appeared to be acting to assist Plaintiff and the medical record lacked objective evidence to support his opinion. Saelee v. Chater, 94 F.3d 520, 523 (9th Cir. 1996) (per curiam).

2. The ALJ made specific findings, supported by the record, as to why he did not find Plaintiff wholly credible in her allegations of disabling pain. The following factors undermined her credibility:

- The discrepancy between Plaintiff's claims of severe pain and her infrequent use of pain medication and apparently conservative treatment by her doctors, including Dr. Mark. Parra v. Astrue, 481 F.3d 742, 750-51 (9th Cir. 2007).

- The discrepancy between Plaintiff's assertions and the lack of objective evidence of her disability.

- The discrepancy between Plaintiff's claims and Dr. Rana's findings, which included that Plaintiff possessed normal muscle tone and bulk and that Plaintiff did not give full effort during the examination. Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002); Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999).

•       The discrepancy between Plaintiff's assertions and her admitted daily activities. Her admission that she was teaching full-time, even though she may have received significant accommodations, was inconsistent with her claim to be incapable of working. Curry v. Sullivan, 925 F.2d 1127, 1130 (9th Cir. 1991).

AFFIRMED.

4