**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARK RAYMOND QUESADA,

          Plaintiff - Appellant,

   v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,[**]

          Defendant - Appellee.

No. 12-55546

D.C. No. 5:11-cv-00882-MLG

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Marc L. Goldman, Magistrate Judge, Presiding[***]

Submitted May 17, 2013[****]

Before:    HUG, FARRIS, and LEAVY, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    Carolyn W. Colvin, Acting Commissioner of Social Security, is substituted for her predecessor, Michael J. Astrue, Commissioner of Social Security, pursuant to Fed. R.App. P. 43(c)(2).

[***]   The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[****]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Mark Raymond Quesada appeals from the district court's judgment affirming the Commissioner of Social Security's denial of his applications for Social Security disability insurance benefits and supplemental security income benefits under Titles II and XVI the Social Security Act. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

We review de novo the district court's decision upholding the denial of benefits. *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). We must affirm the denial of benefits unless it is based on legal error or the findings of fact are not supported by substantial evidence. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

Quesada argues generally that the Commissioner overlooked his physical injuries and mental limitations. We reject Quesada's argument because substantial evidence supports the Commissioner's decision that Quesada has the residual functional capacity to perform his past relevant work and therefore he is not disabled. *See Berry,* 622 F.3d at 1231.

More specifically, the administrative law judge (ALJ) properly determined that Quesada provided insufficient objective support for his reported functional limitations. Although Quesada stated that he used a cane and walker at times, neither item was medically prescribed, and there was evidence that Quesada's use

of a cane and walker was inconsistent with his normal gait, good mobility, lack of neurological defects, and normal muscle strength. *See Chaudhry v. Astrue*, 688 F.3d 661, 670-671 (9th Cir. 2012) (holding that the ALJ properly relied on medical evidence undermining claimant's subjective assessment of limitations). The ALJ also properly found that Quesada's daily activities, including driving, grocery shopping, cooking, and helping his children with their homework, were not consistent with his complaints of disabling symptoms and limitations. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (ALJ may reject the claimant's testimony when inconsistent with the claimant's daily activities and contrary to the medical evidence.); *Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir. 1990) (claimant's testimony about daily activities, including taking care of personal needs, preparing easy meals, doing light housework and shopping for groceries, may be seen as inconsistent with the presence of a disabling condition).

The ALJ also provided specific and legitimate reasons, supported by substantial evidence, to discredit the opinion of examining physician Dr. Close in favor of the opinion of consulting examining physician Dr. Sophon. Dr. Close's opinion was inconsistent with Dr. Sophon's opinion, Dr. Close's diagnosis of right shoulder atrophy was not supported elsewhere in the record, Dr. Close failed to explain how or why Quesada's medications would limit his activities, and Dr.

Close's limitations on Quesada's sitting, standing and walking were inconsistent with Quesada's own testimony on those points. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995) (explaining which physicians' opinions should be given controlling weight); *Burkhart v. Bowen*, 856 F.2d 1335, 1339-40 (9th Cir. 1988) (the ALJ properly rejected a medical opinion not supported by objective findings); *see also Chaudhry*, 688 F.3d at 671 (stating that an ALJ need not accept the opinion of any physician if that opinion is brief, conclusory, and inadequately supported by clinical findings).

Finally, the district court properly concluded that the additional evidence Quesada submitted to the Appeals Council would not have changed the outcome in the case because it post-dated the ALJ's decision and therefore was not relevant. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012) (the administrative record includes evidence submitted to and considered by the Appeals Council, so long as the evidence relates to the period on or before the ALJ's decision); *see also* 20 C.F.R. § 404.970(b) ("If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision."); 20 C.F.R. § 416.1470(b) (same for SSI applications).

12-55546

Quesada contends for the first time on appeal that because he has depression, anxiety, and difficulty with his memory, he was unable to give all information regarding his physical injuries and mental conditions to the ALJ. We do not consider issues raised for the first time on appeal, except to avoid manifest injustice. *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (explaining that this court may consider an issue raised for the first time on appeal only where necessary to avoid a manifest injustice); *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999) (holding that, at least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal). There is no manifest injustice here.

**AFFIRMED.**