**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KRISANNE L. HENSLEY, | No. 13-35814 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00180-TOR |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security Administration, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted April 13, 2015 **

Before:   THOMAS, Chief Judge, D.W. NELSON and LEAVY, Circuit Judges.

Krisanne L. Hensley appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Hensley's application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  Hensley's unopposed motion to submit the case on the briefs is granted.  *See* Fed. R. App. P. 34(a)(2).

Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and affirm.

The administrative law judge (ALJ) provided specific and legitimate reasons supported by substantial evidence for giving little weight to the opinions of psychologist W. Scott Mabee, Ph.D., who supervised mental health evaluations conducted by counseling therapist Steven E. Erikson and social worker Amy Robinson. First, the ALJ reasonably found that Dr. Mabee's opinions were inconsistent with Erikson's and Robinson's clinical findings. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (permitting the rejection of a medical opinion that is inconsistent with clinical findings). Second, the ALJ reasonably determined that Dr. Mabee's opinion was inconsistent with Hensley's reported daily activities, which included attending to personal care, cooking, cleaning, shopping for groceries, taking the bus and swimming for exercise. *See Curry v. Sullivan,* 925 F.2d 1127, 1130 (9th Cir. 1990) (concluding that claimant's testimony about her daily activities may be seen as inconsistent with the presence of a disabling condition). Third, the ALJ reasonably gave more weight to the contradictory opinions of Drs. Bailey and Gentile, whose conclusions were consistent with other independent evidence in the record. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (finding that contrary opinion of a

2

non-examining medical expert may constitute substantial evidence when it is consistent with other independent evidence in the record).

The ALJ provided specific, clear and convincing reasons for discounting Hensley's testimony regarding the intensity, persistence and limiting effects of her symptoms. The ALJ noted that Hensley's subjective complaints of disabling knee pain and mental health impairments were not fully supported by the medical evidence. *See Chaudhry v. Astrue*, 688 F.3d 661, 670-671 (9th Cir. 2012) (holding that the ALJ properly relied on medical evidence undermining claimant's subjective assessment of limitations). The ALJ further noted that Hensley stopped working, in part, because of her positive drug test rather than an injury. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (stating that in making a credibility determination, ALJ did not err by considering that claimant left his job because he was laid off, rather than because he was injured). Finally, the ALJ was permitted to consider Hensley's reports of her daily living activities and her lack of mental health treatment when considering the intensity, persistence and limiting effects of her symptoms. *See Curry,* 925 F.2d at 1130; *Molina*, 674 F.3d at 1113 (in assessing credibility, the ALJ may properly rely on unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment).

**AFFIRMED.**