**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARIA GUTIERREZ,

              Plaintiff - Appellant,

  v.

CAROLYN COLVIN, Acting
Commissioner of Social Security,

              Defendant - Appellee.

No. 14-35231

D.C. No. 3:13-cv-00448-MO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted July 7, 2016
Portland, Oregon

Before: BEA and OWENS, Circuit Judges and BURNS,[**] District Judge.

Maria Gutierrez appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits under Title II of the Social Security Act. The parties know the

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]    The Honorable Larry A. Burns, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

facts, so we do not recite them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

We review de novo a district court's judgment upholding an administrative law judge's ("ALJ") denial of social security benefits. *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014). We reverse only if the ALJ's decision is not supported by substantial evidence in the record or is based on legal error. *Id.*

The ALJ did not err in determining that Gutierrez could perform work as a cashier despite her inability to reach above shoulder level with her right hand. First of all, there was no "apparent" conflict between the Dictionary of Occupational Title's ("DOT's") highly generic description of cashier work and the vocational expert's ("VE's") testimony. "The DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings." *Policy Interpretation Ruling: Titles II & Xvi: Use of Vocational Expert & Vocational Specialist Evidence, & Other Reliable Occupational Information in Disability Decisions*, SS 00-4P, 2000 WL 1898704, at *2 (S.S.A. Dec. 4, 2000). The DOT provides only that a cashier must be able to "reach[]" "frequently," but it does not specify the type or direction

<hr />

[1]     Gutierrez withdrew her request for judicial notice in light of our decision in *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996 (9th Cir. 2015). We therefore do not consider it.

of the reaching. Though the Social Security Administration has elsewhere indicated that "reaching" can require *up to* the "exten[sion]" of both "hands and arms in any direction," *Titles II & Xvi: Capability to Do Other Work-Themedical-Vocational Rules as a Framework for Evaluating Solely Nonexertional Impairments*, SSR 85-15, 1985 WL 56857, at *7 (Jan. 1, 1985), the DOT itself leaves ample room for "[a] VE . . . to provide more specific information about jobs or occupations than the DOT." SS 00-4P, 2000 WL 1898704, at *2. Here, the ALJ's hypothetical specifically included Gutierrez's limitation on overhead reaching, but indicated that Gutierrez could reach in all other directions with her right arm, as well as no restrictions on Gutierrez's ability to reach with her left arm. We conclude that a VE is entitled to rely on his professional knowledge and common sense in determining that a hypothetical individual can perform work in a given field notwithstanding a minor limitation on *one type* of "reaching." Because the DOT fails to specify that the ability to reach *overhead with both hands* is required to perform cashier work, there was no apparent conflict between the VE's conclusion that Gutierrez could perform cashier work and the DOT's generic job description.

And even assuming there was an apparent conflict, the vocational expert made clear that he had considered Gutierrez's right-arm limitations and had

3

reduced the number of cashier positions available to take that into account. The VE therefore provided a reasonable explanation. *Johnson v. Shalala*, 60 F.3d 1428, 1436 (9th Cir. 1995).

The ALJ also did not err in discrediting Gutierrez's testimony. He specifically identified Gutierrez's testimony—i.e. that she's disabled and unable to sustain full-time work because of her injury. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014). Then he cited specific evidence that undermines Gutierrez's testimony. *Id.* He discussed Gutierrez's daily activities and post-injury work, and concluded that they suggested a higher level of functioning than she alleged in her disability application and testimony. He discussed Gutierrez's post-injury job search activity, and concluded that it shows that she knows her limitations and believes she can work despite them. He also relied on Gutierrez's nominal effort during a physical diagnostic examination and her report that ibuprofen and Tylenol controlled her pain. These are specific, clear, and convincing reasons for rejecting Gutierrez's claim that she is disabled as a result of her injury. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009); *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007); *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

4

Even assuming the ALJ erred in failing to acknowledge Gutierrez's claim that she required mid-day naps as a result of her pain medication, any error was harmless. *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1991) (affirming an ALJ's denial of benefits notwithstanding that the ALJ had made an erroneous factual finding, because the error was "immaterial" to the ultimate disability determination). The ALJ's finding that Gutierrez exaggerated the severity of her pain was supported by specific and convincing evidence. The basis for Gutierrez's claimed need to take the medication that allegedly caused debilitating drowsiness was thus fundamentally undercut. If Gutierrez did not need to take the medication, then any error in failing to consider the side effects of the unnecessary medication was ultimately harmless.

**AFFIRMED**.