**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA GUTIERREZ, | No. 14-35231 |
| Plaintiff - Appellant, | D.C. No. 3:13-cv-00448-MO |
| v. | |
| CAROLYN COLVIN, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted July 7, 2016
Portland, Oregon

Before: Carlos T. Bea and John B. Owens, Circuit Judges and Larry A. Burns,**
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Larry A. Burns, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

Maria Gutierrez appeals from the district court's judgment affirming the Commissioner of Social Security's denial of her application for disability insurance benefits under Title II of the Social Security Act. This memorandum addresses issues not addressed in the contemporaneously filed opinion. The parties know the facts, so we do not recite them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

We review de novo a district court's judgment upholding an administrative law judge's ("ALJ") denial of social security benefits. *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014). We reverse only if the ALJ's decision is not supported by substantial evidence in the record or is based on legal error. *Id.*

The ALJ did not err in discrediting Gutierrez's testimony. He specifically acknowledged Gutierrez's testimony – that she is disabled and unable to sustain full-time work because of her injury – before citing specific evidence that undermined her testimony. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014). The ALJ discussed Gutierrez's daily activities and post-injury work, and concluded that they suggested a higher level of functioning than she alleged in her disability application and testimony. He discussed

---

[1] Gutierrez withdrew her request for judicial notice in light of our decision in *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996 (9th Cir. 2015). We therefore do not consider it.

Gutierrez's post-injury job search activity, and concluded that it showed that she knows her limitations and believes she can work despite them. The ALJ also relied on Gutierrez's nominal effort during a physical diagnostic examination and her report that Ibuprofen and Tylenol controlled her pain. These were specific, clear, and convincing reasons for rejecting Gutierrez's claim that she is disabled as a result of her injury. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009); *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007).

Even assuming the ALJ erred in failing to acknowledge Gutierrez's claim that she required mid-day naps as a result of her pain medication, any error was harmless. *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1991) (affirming denial of benefits notwithstanding erroneous factual finding because error was "immaterial" to the ultimate disability determination). The ALJ's finding that Gutierrez exaggerated the severity of her pain was supported by specific and convincing evidence. This evidence also undercut the basis for Gutierrez's claimed need to take medication that allegedly caused her drowsiness. If Gutierrez did not need to take the medication, any error in failing to consider the side effects of the unnecessary medication was harmless.

**AFFIRMED**.

2